GEORGE T. COLBY's EXECUTOR *v.* FRANCIS POOR ET AL.
(55A2d 605)

May Term, 1947.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed October 7, 1947.

148

*H. William Scott* for the plaintiff.

*R. T. Abare* and *Wilson & Keyser* for the defendants.

Moulton, C. J. This is an action in contract and was tried by the court without a jury. Judgment was rendered for the defendants, and the cause is before us on the plaintiff's exceptions.

The declaration alleges that on or about the first day of January, 1946, the defendants received from the plaintiff's testator a check for $3485. for the purpose of paying a note secured by a mortgage on their farm, upon an agreement that they would execute to the testator a note for the amount of the check, and a mortgage to secure it; that the note and mortgage were prepared, but the testator died before these documents were executed by the defendants and delivered to him; and that the defendants have not kept their agreement or repaid the money to his estate. The defendants are husband and wife.

According to the written findings of fact Colby, the testator, and the defendants owned adjoining farms. Colby had known the defendant Francis ever since the latter's boyhood and thought highly of him. Since he was ten years old Francis had worked for Colby at various times helping in haying, repairing fences, caring for the poultry and marketing the eggs, conveying him from place to place on his business affairs, and generally assisting whenever required. This continued after Francis had married, and during the last year of Colby's life Francis spent about half his time on his farm. The defendant Harriet canned fruit and vegetables for Colby and supplied the jars for this purpose. No pay was ever received by either of the defendants for these services.

The defendants purchased their farm on July 10, 1944, and gave a purchase money mortgage to their vendors to secure a note of $4000. at five per cent interest. They also borrowed $4000. from the testator, who took a chattel mortgage on the stock and tools. At the time of Colby's death this mortgage had been reduced to approximately $1100.

Colby frequently expressed to several persons his appreciation of what Francis had done for him, his regard for his ability and his desire to help him. He also made statements that he intended to do, or had done, something for Francis, some of the statements being made within a few days of his death.

Some time in January, 1946, Francis told Colby that he planned to get some money from a bank to discharge the note secured by the mortgage on his farm, since he could borrow it at a lower rate of interest than he was then paying. Colby told him that he had

some money not in use, and he would take it over himself. On January 31 he called Francis to his house and delivered to him a check drawn to his order for $3485. which was the amount due on the mortgage note. Francis took the check and paid the note on the same day, and on February 2 had the mortgage discharged on the town records. He then caused the town clerk to prepare a note for $3485. payable to Colby, to be signed by himself and his wife, and a mortgage to Colby covering the real estate. He showed these papers to Colby, unexecuted, and Colby told him that he did not want them. They have never been executed.

The check given by Colby was for the benefit of both defendants, but Harriet did not participate in the transaction between Colby and Francis, and had no talk with Colby about it, and the Court is unable to find that Francis acted as her agent.

Colby died suddenly on February 7, 1946, at an advanced age, and the plaintiff, having been designated as executor in his will, has been appointed and has qualified as such.

It is found that there was no agreement between Colby and Francis that the defendants would execute and deliver to him a note for the amount of the check and secure it by a mortgage on their real estate. The unexecuted note and mortgage were drawn without Colby's knowledge. It is also found that Colby intended to and did make a gift to Francis of the amount of money represented by the check.

As tending to show that the check represented a loan and not a gift the plaintiff offered in evidence a notation in the handwriting of the testator appearing upon a stub in a book of blank forms for promissory notes, the corresponding form being attached and not filled out. The notation is as follows: "Francis & Harriet Poor cash loaned Feb. 1, 1946". Upon objection by the defendants it was excluded, subject to the plaintiff's exception.

■ There was no error in the ruling. The offered exhibit is merely a memorandum, and not a charge in book account. No sum of money is mentioned; the date does not correspond to that upon which the check was drawn and delivered, and no testimony was introduced regarding it save that it was found among the testator's papers after his death. Entries that are merely memoranda are not admissible as independent evidence in favor of the party making them, either in his lifetime or in favor of his estate. *O'Rourke* v. *Cleary,* 105 Vt 85, 87, 163 A 583; *Barnes* v. *Dow,* 59 Vt 530, 547, 10A 258, and cas. cit.

The plaintiff has briefed exceptions taken to the refusal of the court to comply with his requests to find that Francis acted for himself and his wife in borrowing from Colby the money represented by the latter's check, and in having the unexecuted note and mortgage prepared by the town clerk; and also an exception to the statement of the court that it was unable to find that Francis acted as agent for his wife in connection with the check, note and mortgage. These exceptions may be considered together.

There is no presumption that a husband acts for his wife by her authority, and the relationship of husband and wife does not of itself warrant the inference of such authority, although it is a circumstance entitled to consideration in connection with other circumstances tending to show an agency. *Scott, Admr.* v. *Bradford Nat'l Bank,* 107 Vt 226, 232-3, 179A 149; *Chadwick* v. *Wiggin,* 95 Vt 515, 517, 116A 74.

The other circumstances upon which the plaintiff bases his exceptions are that the proceeds of the check were used by Francis to discharge the note signed by himself and his wife, secured by the mortgage executed by both of them upon a farm owned by them jointly as husband and wife; and that the unexecuted mortgage and note were so drawn that, if executed, they would be the obligation of both. However, it cannot be said that these facts, which we do not doubt were carefully and impartially considered by the court in reaching its conclusion, *Putnam* v. *Woodward,* 111 Vt 39, 43, 10A2d 186, were such as to compel a finding of agency, as a matter of law. The plaintiff argues that it is significant that the defendant Harriet, who was present in court throughout the trial, did not testify in her defense. She was a competent witness, under P. L. 1695, to meet and explain the testimony of living witnesses produced against her. But even so, any unfavorable inference arising from her silence upon matters which were peculiarly within her knowledge, *In re Will of McCabe,* 73 Vt 175, 176, 50A 804; *State* v. *Parker,* 104 Vt 494, 502, 162A 696, was for the trial court to consider in connection with the other evidence in the case, and it must be assumed that due weight was given to it in making the finding. The foregoing exceptions are not sustained.

An exception was taken to the finding that there was no agreement made by Francis that he and his wife would execute and deliver to Colby a note and mortgage for the sum of the check.

■ The finding, like all other findings to which exceptions have been taken, must stand if it can be supported upon any rational view of the evidence. *Coolidge* v. *Taylor,* 79 Vt 528, 532, 65A 582; *Partridge* v. *Cole,* 98 Vt 373, 375, 127A 653; *Labor* v. *Carpenter,* 102 Vt 418, 421, 148A 867; *University of Vermont* v. *Wilbur's Est.,* 105 Vt 147, 155, 163A 572. Francis was an incompetent witness, but since he was called to the stand by the plaintiff, his incompetency under P. L. 1695 was waived. *Comstock's Admr.* v. *Jacobs,* 84 Vt 277, 281, 78A 1017, Ann Cas. 1913 A 679, 89 Vt 133, 137-8, 94A 497, Ann Cas 1918A 465; *Green, Admr.* v. *Martin's Estate,* 84 Vt 289, 293, 79A 48; *Trask* v. *Walker's Estate,* 100 Vt 51, 62, 134A 853; *Collins* v. *Estate of Collins,* 104 Vt 506, 508-9, 162A 361. He testified that he did not ask for the money; that Colby telephoned to him, asking him to come to his house and wanted to give him the check; that Colby did not ask to have a note and mortgage prepared, and that there was nothing said between them relative to a note and mortgage. This evidence sustains the finding, and no error appears.

The next exception was taken to the finding that Colby intended to and did make a present and gift to Francis of the amount of money represented by the check.

■ It is argued that this is not a finding of fact but a conclusion of law. To constitute a gift inter vivos there must be an intention on the part of the donor to transfer the title to the property to the donee immediately and irrevocably accompanied by such delivery as will place the donee in complete possession and control of the same, unless the delivery is to a third person for the donee. *Rice, Exr.* v. *Bennington Co. Savings Bank,* 93 Vt 493, 498, 108A 708; *University of Vermont* v. *Wilbur's Est.,* 105 Vt 147, 155, 163A 572. The existence of these elements is for the trier of facts to decide. 24 Am Jur tit "Gifts" para. 134. The question whether, on the facts, there was a gift is one of mixed law and fact. *Holmes* v. *Vigue,* 133 Me 50, 173A 816, 817. As such it will stand if it is factually supported. *Spaulding* v. *City of Rutland,* 110 Vt 186, 195, 3A2d 556, and cas. cit.

■ The point of the exception is the finding of Colby's intention, for no issue is made as to the fact of the delivery of the check. It is insisted that the finding that Colby said that he "wanted to take that (the mortgage on the defendant's farm) over" conclusively shows that he intended to make a loan secured by

mortgage, and not a gift, and is inconsistent with the court's ultimate finding. Of course when findings of fact show an outstanding fact so vital as to make its legal consequences inevitable we must give it effect without regard to the other facts reported. *Smith* v. *Vermont Marble Co.,* 99 Vt 384, 396, 133A 355. But the findings are to be construed as consistent whenever it is reasonably possible to do so. *Howland Bros.* v. *Barre Savings Bank and Trust Co.,* 89 Vt 290, 295, 95A 679. And in the same way must the findings be construed to support the judgment. *Town of Manchester* v. *Town of Townshend,* 110 Vt 136, 144, 2A2d 207; *Taylor* v. *Henderson,* 112 Vt 107, 115, 22A2d 318.

Considered in the light of these principles the finding as to Colby's remark is not sufficiently conclusive to override the other findings. It was made before the delivery of the check to Francis. Assuming the meaning attributed to it by the plaintiff, Colby's expression of a desire to do something for Francis and his statement at the time of the delivery of the check might well have been considered by the court as rebutting any presumption of a continuance of a former intention to become the mortgagee, and evince a later intention to make a gift of the money.

It is also asserted that the finding is without support in the evidence, because the uncontradicted testimony of Francis and other witnesses called by the defendants shows that there was no gift inter vivos, but an attempted testamentary disposition by Colby of a part of his property. Francis testified that Colby told him several times that, after he was gone, he (Francis) would be owing nothing to his estate. Ethel Poor heard him say to Francis, regarding the check, "I am not going to die right off, and if I do, it is yours anyway". Another witness testified that Colby said to him, "I have got Francis fixed up and started on his feet again; just give him a check and if I kick off before he does he is welcome to it". But Francis also testified that at the time he took the unexecuted note and morgage to Colby, "he told me that he never wanted it. It was mine and after he was gone I would have nothing to pay".

It is unnecessary to cite authority for the well established rule that the credibility of the witnesses and the weight to be given their testimony is not for us, but for the trial court, to determine. In reading the evidence to support the findings, as we have seen we must do if reasonably possible, it is not to be con-

sidered piecemeal, but as a whole. *University of Vermont* v. *Wilbur's Estate,* 105 Vt 147, 159, 163A 572, Francis' testimony last quoted tends to show an intention on Colby's part to transfer to him the title to the check immediately and irrevocably. The other statements of Colby, upon which the plaintiff relies, do not necessarily show a different intention. It cannot be said that the finding was without evidentiary support.

It has been held that a claim of a gift, first asserted after the death of the alleged donor, is to be regarded with suspicion by courts and that it is the policy of the law to receive it with caution requiring clear and convincing proof in its support. *William's Est.* v. *Tuch.,* 313 Ill App 230, 39 NE2d 695, 699; *Fisher* v. *Peters,* 147 Or 426, 34 P2d 305, 310; *Lo Presti* v. *Manning,* 125 Cal App 422, 13 P2d 1002, 1003; *In re Turner's Est.,* 244 Pa 568, 572, 90 A 916, 917. But that this principle was recognized in this instance is indicated by the language of .the finding in question. "We are satisfied and find that Colby intended to and did make a present and gift to Francis of the amount of money represented by said check."

The last exception was taken to the judgment, and the question here is whether it is supported by the findings of fact. *Mott* v. *Bourgeois,* 109 Vt 514, 521, 1A2d 704; *Reed* v. *Vt. Acc. Ins. Co.,* 110 Vt 501, 504, 9A2d 111; *Duchaine* v. *Zaetz,* 114 Vt 274, 276, 44A2d 165. What has already been said in this opinion disposes of this issue adversely to the plaintiff, and a repetition would serve no purpose.

*Judgment affirmed.*

## ON MOTION FOR REARGUMENT

MOULTON, C. J. The plaintiff's motion for reargument reiterates the claim, made upon the original argument, that no gift inter vivos was made, or intended to be made, by the testator to the defendant Francis Poor. Our attention is again called to the evidence which tended to show that this was so. But, as we have pointed out, there was also evidence to the contrary, and the testimony upon which the plaintiff relies does not of necessity warrant the construction that he places upon it. Under these circumstances it was for the trial court to determine the fact. The statements of

the witnesses were carefully examined when the cause was first heard in this court and we find no reason for changing the result already announced.

*Motion for reargument denied. Let full entry go down.*