RICHARD HAYDEN *v*. JOSEPH LAVALLEE ET UX.

(75 A2d 690)

May Term, 1950.

Present: SHERBURNE, C. J., JEFFORDS, CLEARY, ADAMS and BLACKMER, JJ.

Opinion Filed October 3, 1950.

*Philip R. MacCausland* for the plaintiff.

*Russell F. Niquette* for the defendants.

ADAMS, J. This is an action of contract. Trial was by court without a jury and judgment was for the defendants. The case is here on the plaintiff's exceptions.

The declaration is in common counts with specifications seeking to recover $725.00 as a commission of 5% on a total purchase price of $14,500.00 for procuring a purchaser of a farm and personal property owned by the defendants.

The written findings of fact show in substance the following:— The plaintiff was a duly licensed real estate broker; the defendants are husband and wife; on or about May 20, 1947, they authorized the plaintiff to sell their farm and personal property thereon for $14,500.00, the plaintiff to receive a 5% commission if he sold the property; no time within which the sale was to be made or the purchaser pay the purchase price or accept the deed was specified; on or about October 20, 1947, the plaintiff showed the property to Percy McElligott of Lachine, Quebec, who made a deposit of $50. and the plaintiff advised the defendant, Joseph Lavallee, that

he had sold the property to McElligott and had taken a deposit subject to financing; on the same day McElligott applied to The Burlington Savings Bank for a loan of $8,500. and the bank approved a loan for $8,000. and notified the plaintiff thereof prior to October 27. The court further said in the findings; No. 15 "We are unable to find that McElligott ever had or could have obtained $14,500.00 at any time subsequent to October 20, 1947".

The plaintiff has briefed an exception to the finding that the bank approved a loan for $8,000. on the ground that it is contrary to the evidence. He relies upon *Neill* v. *Ward*, 103 Vt 117, 160, 153 A 219, wherein it is stated that when a witness distinctly and positively testifies to a fact and is not contradicted and there is no circumstance shown from which an inference against the fact testified to can be drawn the fact can be taken as established. It is true, as the plaintiff claims, that the witness, McElligott, testified that he applied for a loan of $8,500. and it was approved. But the evidence was that his information as to the application being approved was communicated to him by the plaintiff and not by the bank. The testimony of an officer of the bank was that the loan was tentatively approved for about $8,000. and that fact was communicated to the plaintiff. Furthermore the letter, plaintiff's exhibit 1, shows that the loan to be approved by the bank would not amount to that expected by the proposed purchaser. The testimony of the witness on this point was not positive and direct and did not stand uncontradicted. *Neill* v. *Ward* does not apply.

The credibility of the witnesses and the weight to be given their testimony is not for us, but for the trial court to determine. *Colby's Executor* v. *Poor*, 115 Vt 147, 153, 55 A2d 605; *Utley* v. *Town School District of Woodbury*, 110 Vt 522, 526, 9 A2d 117. If a finding can be supported upon any rational view of the evidence it must stand. *Taylor* v. *Henderson & Smith*, 112 Vt 107, 114, 22 A2d 318; *Colby's Executor* v. *Poor, supra*; see also *Sparrow* v. *Cimonetti*, 115 Vt 292, 297, 298, 58 A2d 875. Here the finding is supported by the evidence and the exception is not sustained. What has been said disposes of the exception to the refusal to comply with a request for a finding that the application for the loan had been approved and the bank stood ready and willing to make the loan.

Another exception was taken to finding No. 15 hereinbefore quoted. In order to entitle him to a commission the burden

was on the plaintiff to establish that he obtained a purchaser who was able, ready and willing to purchase for the stipulated price of $14,500. *Little* v. *Loud,* 112 Vt 299, 304, 23 A2d 628. The burden being on the plaintiff, the foregoing finding was equivalent to an out and out finding for the defendant on this point. *Partridge* v. *Cole,* 98 Vt 373, 377, 127 A 653. The proposed purchaser testified rather vaguely about having $3,800. in cash available and that he had assurance from his brother in Cleveland, Ohio, that he would loan him enough more to make $6,000. We have already seen what the testimony was about procuring the balance of $8,500. from the bank and that the court was justified in finding that amount was only $8,000. The evidence was not so decisive in character as to compel a finding adverse to the defendant and in favor of the plaintiff on this point. *Partridge* v. *Cole, supra.* The exception is without merit.

Other exceptions have to do with the failure of the court to find as requested in several particulars. It is not necessary to enumerate them or treat them separately. It is sufficient to say that they have to do with the ability of the proposed purchaser to finance the purchase or with an attempted recission of the contract by the defendant. They were inconsistent with the other findings in regard to ability to finance the purchase or became immaterial in view of the justified finding that the court was unable to find that the proposed purchaser had or could have obtained $14,500. at any time. For these reasons, if for no other, they were properly denied.

From what we have said it is apparent that the judgment is supported by the findings of fact and the exception to it is without avail.

There is no error. *Judgment affirmed.*