### W. Edson McKee et ux v. Elliott D. Martin, et al

(125 A2d 804)

May Term, 1956.

Present: **Jeffords, C. J., Cleary, Adams and Hulburd, JJ., and Barney, Supr. J.**

Opinion Filed October 2, 1956.

*Monti & Calhoun* for the petitioners.

*Paterson & Eldredge* for petitionee Martin.

**Barney, Supr. J.** This is a petition brought to this Court for a writ of mandamus, praying that the writ issue against

the defendant, Honorable Milford K. Smith, a Superior Judge, commanding him to sign a bill of exceptions. A commissioner was appointed by this Court who heard the testimony and made findings of fact. The matter is now before the Court on exceptions to certain of these findings.

In brief, the findings of the commissioner show that Judge Smith presided at a civil jury trial in Washington County Court entitled *W. Edson Mc Kee and Virginia Mc Kee* v. *Elliott D. Martin*. The plaintiffs in that case are the petitioners here. At the close of the plaintiffs' evidence in the jury trial on April 26, 1955 defendant moved for judgment on the verdict, which was granted on May 19, 1955 with exceptions to the plaintiffs. On May 24, 1955 plaintiffs filed a motion to set aside the verdict and judgment and for a new trial. Hearing was had on May 31, 1955 and on June 1, 1955 the motion was denied with exceptions to the plaintiffs on all grounds.

Finding seven then states:

"On June 24, 1955, the petitioners mailed to the County Clerk a bill of exceptions. In due course of mail this was received by the Clerk on June 27, 1955. This bill of exceptions was never submitted to defendant Smith for his signature, and so far as appears, his attention was never called to it until after the defendant Martin filed a motion on July 5, 1955, to have this bill of exceptions denied. This motion, upon hearing, was granted by defendant Smith on July 25, 1955, and the petitioners were granted exceptions. This order was entered upon the docket and copies of the order were mailed to respective counsel and notice of the entry was given them."

The plaintiffs thereupon drafted another bill of exceptions incorporating exceptions to the denial of plaintiffs' first bill of exceptions and presented it for signature to Judge Smith on August 5, 1955. Defendant Martin then filed a motion to deny this second bill of exceptions on the ground, among others, that the Court was without jurisdiction to grant this second bill of exceptions as the same was not filed in accordance with the statute.

Finding ten then states:

"On August 23, 1955, a hearing was held before
defendant Smith on the question of the allowance of
the second bill of exceptions, at which defendant Smith
suggested to counsel for the petitioners, that if they
would prepare a bill of exceptions on the question
only of whether or not he had erred in refusing to sign
the original bill of exceptions, and would submit it to
him within ten days, he would take it under advise-
ment, and the time of hearing such bill of exceptions
was extended. At this hearing also the petitioners moved
for leave to order a transcript out of time, and the
motion was denied as a matter of law, to which the
petiitoners took and were allowed exceptions."

On September 1, 1955, the plaintiffs mailed an amended or
third bill of exceptions to Judge Smith. This proposed bill of
exceptions was returned to the plaintiffs unsigned accompanied
by a letter from Judge Smith indicating that since the stat-
tory time had passed for filing a bill of exceptions in the cause
he had no authority to sign any bill in connection with the
case, and that therefore his ruling of August 23, 1955, must
be changed.

Petitioners then brought this petition for a writ of manda-
mus seeking an order commanding Judge Smith to sign a bill
of exceptions in order, as they say in their petition, "that your
petitioners may have the opportunity afforded them by law to
appeal from the rulings made by the said presiding judge in the
trial of the cause pending between your petitioners and Elliott
D. Martin in Washington County Court and may have the
benefit of their exceptions taken to such rulings and during
said trial and in such cause, as provided by law."

■■ The petitioners have briefed exceptions to findings
seven and ten. The exception to finding seven states, "said
Finding is contrary to the evidence and is not supported by the
evidence." The exception to finding ten states, "this Finding
is not supported by the evidence, and is contrary to the evi-
dence." When findings are challenged in this manner they

must stand if they can be supported on any rational view of the evidence. *Hayden* v. *Lavallee*, 116 Vt 340, 341, 75 A2d 690, 691. In determining whether the findings are supported by the evidence, the evidence must be considered as a whole, and not piecemeal. *Colby's Executor* v. *Poor*, 115 Vt 147, 153, 154, 55 A2d 605, 608.

■ The petitioner's brief disputes, in dealing with the exception to finding seven, only that portion of the finding dealing with the nonsubmission of the first bill of exceptions to Judge Smith. The transcript discloses that although the Clerk of Washington County Court testified from his recollection that the first bill of exceptions was forwarded to Judge Smith, he later, after searching his records, amended his testimony to the effect that the first bill of exceptions was never forwarded to Judge Smith. The credibility of the witness and weight to be given his testimony was for the trier of fact. *Hayden* v. *Lavallee, supra*; *Town of Randolph* v. *Ketchum*, 117 Vt 468, 470, 94 A2d 410, 412. The finding is supported by the evidence.

Moreover, it is clearly apparent from the findings not disputed in the case that under the doctrine stated in *In re Estate of Towner*, 117 Vt 554, 97 A2d 538, this Court would have no jurisdiction of any appeal in the case of *Mc Kee et ux* v. *Martin* even if any or all bills of exception were now to be signed or had been signed on the day presented to the Clerk of Washington County Court. The statutory time for filing exceptions expired thirty days from the entry of judgment on May 19, 1955, since no extension of time was requested or granted within that thirty day period. The first bill of exceptions does not even make its appearance until received by the clerk in the mail, unsigned, on June 27, 1955. Not only was this bill out of time, but the parallel of procedure followed here with that so recently condemned in our case of *Haven* v. *Ward's Estate*, 118 Vt 499, 114 A2d 413, is too obvious to require further comment.

Petitioners seek to escape the requirements of diligence set forth in section 2120, V. S. 47 as amended and as definitively announced in *In re Estate of Towner, supra*, and *Haven* v. *Ward's Estate, supra*, by advancing the proposition that the filing of a

motion to set aside the verdict and judgment and for a new trial, in their words, "postponed finality of the original judgment order." Their brief describes this proposition as the "real issue in this case." Unless there is an issue here, the petitioners have no issue, for in the light of our cases the petition otherwise states no cause for relief.

But here again the facts show that even if the proposition contended for by the petitioners were the law of this State, which we do not now decide, the rule of *Haven* v. *Ward's Estate, supra*, was ignored. The facts show that the ruling on the motion in question was docketed on June 1, 1955. Under the very proposition advanced by the petitioners it was incumbent upon them to file with the clerk of Washington County Court a bill of exceptions signed by the presiding judge on or before the expiration of thirty days from that date. The findings show that even this was not accomplished. Therefore, on their own theory of the case, the petitioners have shown no grounds for the relief sought.

In the light of the foregoing, finding ten is immaterial with respect to any issue in the case. Petitioners' exception to this finding is of no avail, since an exception to an immaterial finding is not for consideration. *Turner* v. *Bragg*, 113 Vt 393, 398, 35 A2d 356, 361.

Under this view of the case, to order the signing of any bill of exceptions in this case would amount to the commanding of the performance of a void act, since it would not give this Court jurisdiction of the appeal. *In re Estate of Towner, supra*. Mandamus will not lie to require a void act. *Barber* v. *Chase*, 101 Vt 343, 143 A 302, 305.

This disposes of the exceptions properly raised and briefed in this case. Petitioners have briefed numerous exceptions to rulings of Judge Smith in connection with bills of exceptions in the original *McKee* v. *Martin* proceedings. These questions were not preserved for review and are not before us in these proceedings.

*Petition dismissed, with costs.*