Royalton Taxpayers' Protective Assoc., Inc., and Clyde Gilman,
Phyllis Mudgett, Raymond Hull, Ernest Boles, Elizabeth
Frary, Carlton Adams, Louise Adams, Gladys Edmands
and Harold Edmands v. Paul A. Wassmansdorf,
George M. Goodrich, Stephen H. Eddy, Selectmen
of the Town of Royalton

[260 A.2d 203]

No. 130-69

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed December 2, 1969

*Clyde Gilman* and *Others, pro se.*

*Paterson, Gibson, Noble & Brownell,* Montpelier, for Petitionees.

**Smith, J.** This is a petition for *mandamus* by the above named petitioners to order the Selectmen of the Town of Royalton to warn a special town meeting requested in certain petitions filed with the Selectmen of said town by the petitioners, claiming to be approximately twelve per cent of the voters of said town. Petitioners appeared before this Court without counsel. Only Phyllis Mudgett appeared, *pro se,* as her own representative in argument before the Court.

█ The petition does not contain the recognizance required by 12 V.S.A. Sec. 657.

On motion, the writ could have been abated, but in the absence of a motion to abate on the part of the petitionees, we pass to the first question presented. *Westcott* v. *Briere,* 111 Vt. 403, 407, 17 A.2d 244.

█ The petitionees' motion to dismiss the Royalton Taxpayers' Protective Association as a petitioner in the case, made on the ground that the said corporation is obviously not a voter in the Town of Royalton, and no allegation appears that said corporation is a property owner or taxpayer in said town, is granted for the reasons requested.

■ The petitionees also move to dismiss another of the petitioners, Ernest Boles, for the reason that he was not a signer of the Petition for *Mandamus* now before us, and therefore, is not a party to the proceedings. The record before us bears out this assertion by the petitionees, and the said Ernest Boles is dismissed as a petitioner, not being a party here.

The action sought from this Court by the Petition before us is to compel the Selectmen of the Town of Royalton to call a special town meeting by virtue of a petition filed with the Selectmen on July 31, 1969, and a further petition filed with the Selectmen on August 9, 1969. Both petitions were rejected by the Board of Selectmen of Royalton as being unlawful.

The petition to the Selectmen, submitted to them on July 31, 1969, sets forth that the petitioners seek to transact the following business at the proposed special town meeting:

"1. To see if the Town will vote to rescind the vote taken on Article 14 of the 1969 Town Warning.

2. To see if the Town will instruct the listers to disregard the property assessments as determined by the State Appraisers.

3. To see if the Town will request and direct the listers to use as their basis for 1969 taxes the assessed values used in 1968.

4. To see if the Town will elect a committee of seven (7) property owners who are also legal voters of the Town to work with the listers to draw up a formula for a fair and equitable basis for property valuation for tax purposes and present it to the voters at the next annual meeting."

The petition filed with the Selectmen on August 9, 1969, states that a special town meeting is requested "To see if the Town will vote to reject the Grand List as submitted to the Town by the Listers under date May 15, 1969." This petition was also rejected by the Selectmen as being unlawful.

Petitioners admit in their petition for the Writ here that the Town of Royalton at its annual Town Meeting on March 5, 1968, approved the hiring of state appraisers to re-appraise the Grand List of the Town, and that such "proposed Grand List" was presented to the taxpayers of Royalton prior to the annual Town Meeting on March 4, 1969. Petitioners also set forth that at the March 4, 1969 Town Meeting of Royal-

ton that Article 14 of the Warning for that meeting presented the question "To see if the Town will vote to reject the new Grand List as proposed by the Listers", which Article was rejected by the voters at the meeting.

It is the claim of the petitioners here that the Selectmen of Royalton were under a ministerial duty to call a special town meeting upon receipt of an application for such meeting by five per cent of the voters. "The selectmen may warn a special town meeting when they deem it necessary and shall call such meeting on the application of five per cent of the voters." 24 V.S.A. Sec. 703.

Petitioners also cite 24 V.S.A. Sec. 708, which provides for penalties to be assessed against town officers who fail to warn of a special town meeting after receipt of a petition addressed to them for that purpose.

The position of the petitionees is that a Writ of *Mandamus* issuing from this Court compelling the Selectmen of the Town of Royalton to call the special meeting for the purposes stated in the petitions, would compel the doing of a useless thing, and the result of such a meeting would be nugatory. *Page* v. *Victory,* 119 Vt. 39, 40, 117 A.2d 264; *McKee* v. *Martin,* 119 Vt. 385, 389, 125 A.2d 804.

We turn now to the various grounds advanced by the petitioners in the petitions to the Selectmen of the Town of Royalton, viewed in the light of the circumstances that existed at the time such petitions were presented. Our inquiry is for the purpose of ascertaining what relief could have been afforded the petitioners if such town meeting had been held, and the resulting vote had been favorable on the grounds presented in the petitions.

The first business sought to be transacted at such special town meeting was "To see if the Town will vote to rescind the vote taken on Article 14 of the 1969 Town Meeting."

Article 14 of the Town Meeting on March 4, 1969 was "To see if the Town will vote to reject the new Grand List as proposed by the Listers." This Article was rejected by the voters.

The statute controlling in this situation is 24 V.S.A. Sec. 704, which provides in part:

"... provided, however, that any petition calling for the submission, reconsideration or rescission of any ques-

tion previously submitted to the legal voters of said municipality shall be filed not more than thirty days after such previous submission; and provided further, that no question previously submitted to the legal voters of said municipality shall be more than once resubmitted or presented for reconsideration or rescission except by action of the legislative branch."

It at once becomes obvious that the petition presented to the Selectmen of Royalton on July 31, 1969, requesting a vote to rescind the action taken by the Town Meeting of March 4, 1969, was filed more than thirty days after the vote taken at the March 4th meeting, and, hence, was out of time, and any vote upon such Article would have been of no force and effect and nugatory.

The second Article contained in the petition to the Selectmen was "To see if the Town will instruct the listers to disregard the property assessments as determined by the State appraisers."

The third Article in the petition, "To see if the Town will request and direct the Listers to use as their basis for 1969 taxes the assessed values used in 1968" seems to follow the same line as No. 2, namely, a vote by the Town to instruct the Listers to disregard property assessments which they had already made, and to adopt some other method of assessing taxes in the Town of Royalton than that based upon their previous assessments.

The petitioners admit in the petition here, that the "proposed Grand List" of the Town of Royalton was presented to the taxpayers of Royalton prior to the annual Town Meeting on March 4, 1969. Under 32 V.S.A. Sec. 4151, the Listers must make all corrections in the abstracts and shall lodge the completed Grand List in the office of the Town Clerk by May 25. Once such list is filed with the Town Clerk, the Clerk "shall certify upon such list the time at which such oath was taken by each lister and the date when the completed grand list was so filed and thereupon, such list so lodged, certified and sworn to shall become the grand list of such town . . . ."

The petitioners do not assert that the Listers and Town Clerk did not perform their statutory duties in this regard and we must, therefore, presume that the Grand List of the Town

of Royalton was duly filed, and became the official Grand List of the Town of Royalton on May 25, 1969, for there is a presumption that an officer will perform his duties satisfactorily. *Hoosier* v. *Commissioner of Taxes*, 124 Vt. 341, 343, 205 A.2d 821.

If, as petitioners claim, such proposed Grand List as submitted at the Town Meeting of March 4, 1969, was unfair to any individual taxpayers, such aggrieved taxpayers could have taken their appeals as set forth in 32 V.S.A. Chap. 131, Appeals. Nowhere in the petition before us is any allegation that any of those signing the petition sought this relief from the claimed inequitable assessments, which would have afforded them their legal remedy.

No authority is cited by the petitioners to demonstrate that a vote of a Town Meeting can serve to instruct the listers in the performance of their duties. "The duty of listers in making appraisals is judicial in character; they act upon their best discretion and judgment." *Potter* v. *Clarendon*, 118 Vt. 278, 280, 281, 108 A.2d 394.

■ "The only requirement of our statutes is that the listers shall appraise real estate and personal property at its fair market value. When they have done so according to their best and sound judgment, they have performed their statutory duty." *In re Petition Town of Essex*, 125 Vt. 170, 172, 212 A.2d 623.

■ As the case above cited states, it is the "best and sound judgment of the listers" that must govern their action, and there is no power in a Town Meeting to instruct them in their duties, or to instruct them to disregard property assessments already made or approved by them.

What we have just said also has application to No. 4 of the requests made by the petitioners in their petition of July 31, 1969 to the Selectmen of the Town of Royalton for a special town meeting. The article reads: "To see if the town will elect a committee of seven (7) property owners who are also legal voters of the town to work with the listers to draw up a formula for a fair and equitable basis for property valuation for tax purposes and present it to the voters at the next annual meeting."

■ As we have already seen, the fair and equitable basis for property valuation is fair market value. Further, the duty of the listers is to act upon their own best discretion and judgment, and the law in no way permits them to delegate that responsibility to others. It is the duty and responsibility of the listers, alone, to make such determinations.

■ The petition of August 9, 1969, requesting a special town meeting from the Royalton Selectmen, presents only one article for town meeting consideration, "To see if the Town will vote to reject the grand list submitted to the town by the listers under date May 15, 1969." No authority is cited by the petitioners to show that a town meeting has the power to reject a grand list, once the same has been lodged by the listers with the town clerk, which the article impliedly admits was done. We know of no such power in a town, nor do our statutes so provide.

Returning now to the question of whether this writ shall issue, we have already determined that the special town meetings, petitioned for by the petitioners to the petitionees, could not take any binding legal action upon any of the articles attempted to be presented. But, as Petitioners have stated in their brief, 24 V.S.A. Sec. 703 does provide, in part: "The selectmen may warn a special town meeting when they deem it necessary and shall call such meeting on the application of five per cent of the voters." The Petitionees here have made no serious claim that the petitions in question were not signed by five per cent of the voters of the Town of Royalton.

The remaining question, therefore, is: Should this Court issue a Writ of *Mandamus* to compel the Petitionees to call a special town meeting in accordance with the petitions just considered under the terms of the statute?

■ ■ *Mandamus* usually lies for the enforcement of purely ministerial acts. But the writ will not issue unless the right sought to be enforced is certain and clear. *Couture* v. *Board of Selectmen, supra,* p. 361; *Glover* v. *Anderson,* 120 Vt. 153, 155, 134 A.2d 612. It must appear that the petitioner has a clear, legal right to the performance of the particular duty at the hands of the petitionee, and that the law affords no other adequate remedy. *Matter* v. *Savage,* 112 Vt. 89, 92, 22 A.2d 153.

The relief sought by the petitioners here, in essence, is the altering or amending of the grand list, signed and filed by the listers of the Town of Royalton on May 15, 1969, as well as the substitution of some other body than the listers to set up a fair and equitable system of taxation in the Town of Royalton.

The relief sought by the petitioners in the various articles of their petitions is beyond the power of any town meeting to vote or order, and no clear right of the petitioners was violated by the Selectmen of the Town of Royalton in refusing to warn the special town meetings sought by the petitioners. We hold that it was not the legislative intent in enacting 24 V.S.A. Sec. 703, to compel the selectmen of a town to hold a special town meeting upon application of five per cent of the voters for a useless, frivolous or unlawful purpose. The intention was to compel the selectmen to call such a meeting upon a properly drawn petition, when the purpose stated in such petition set forth a clear right which was within the province of the town meeting to grant or refuse through its vote.

The petitioners, as voters of the Town of Royalton, have not been deprived of all control over the situation. They may, in due course, replace their listers at the end of their respective terms, with others who are in sympathy with the end they seek to accomplish. *Buttolph* v. *Osborn*, 119 Vt. 116, 123, 119 A.2d 686.

 If this Court ordered the Board of Selectmen of Royalton to call the special town meetings asked for in the petitions filed with them by these petitioners, the resulting votes would be nugatory, unavailing and void of any determination of right. *Mandamus* will not lie to require a void act. *McKee* v. *Martin*, 119 Vt. 385, 389, 125 A.2d 804, and cases cited thereunder.

*Petition dismissed.*