## OLIVER MARTIN v. JOHN HURLBURT AND RUT-LAND SAVINGS BANK, TRUSTEE.

*Pension Fund. Trustee Process. Married Woman, Witness. R. L. s. 1076. U. S. R. S. s. 4747.*

1. A married woman is a competent witness in favor of her husband to testify to the terms of a contract, where the parties had no personal interview in making it, and she acted as the agent of both, of the defendant in carrying his proposition to her husband, and of her husband in carrying his acceptance to the defendant.

2. Under the U. S. Revised Statutes, s. 4747 and also the Revised Laws of this State s. 1076, a debt created by the deposit of a pension check, with a bank, or of the money received from it, is attachable on trustee process.

ASSUMPSIT. Trial by jury, December Term, ROYCE, Ch. J., presiding. Judgment for the plaintiff, and that the trustees were chargeable. The plaintiff's claim was for boarding the defendant and his wife. The plaintiff testified that he was a blacksmith and at his shop when his wife came to him at the time the contract was made; that the defendant was at the plaintiff's house about five rods from the shop; and that the arrangement between the parties was made by the plaintiff's wife. The plaintiff, on being asked what word he sent by his wife and what he told her, testified: "I sent by her to him that they might come. I told her to tell him to come, if she would put up with them, and he would pay me for their keeping. I had kept him long enough for nothing."

To the admission of this testimony the defendant excepted.

The plaintiff, in order to show a contract between himself and the defendant, introduced as a witness, his wife, and offered to show by her a state of facts, which, he claimed, constituted her the agent of her husband in making a contract

with her father, to which the defendant objected, claiming that before she could be admitted as a witness she must have been proven to have been the agent of her husband, with reference to the matter about which she was to testify, and that this should be proved by testimony other than that of the wife herself, as a groundwork for the admission of the wife's testimony.

The wife was allowed to testify as follows :

Q. Mrs. Martin, you may state whether you made the arrangement which your husband directed you to make with your father ? A. Yes, sir. Q. What was that arrangement ? A. That arrangement was that father sent me to the shop to ask my husband if he could come back and live with us if he paid for his board. My husband said, yes, he could ; because he had kept him long enough for nothing ; if he calculated to pay for his board, he might come. Q. And you took that word right to your father ? A. I did, sir.

It was agreed as to the trustee, that the defendant in November, 1886, went to the Rutland Savings Bank at its rooms, " and produced a check from the United States Pension Office, supposed to be pension money, for the sum of $948.33, which he was then receiving ; of which check he wanted $248.33 in currency, and the same was paid him by the bank. The balance of the sum, $700, he deposited in said savings bank and took from it a deposit book, evidencing the amount of his deposit."

*Butler & Moloney*, for the defendant.

The plaintiff's wife was not a witness unless proved to be his agent ; and it is submitted that she was not such. R. L. s. 1005. He was practically present. *Estabrooks* v. *Prentiss*, 34 Vt. 457 ; 1 Best. Ev. 175. She was the defendant's agent. *Orcutt* v. *Cook*, 37 Vt. 519 ; *Town* v. *Lamphire*, 37 Vt. 56 : *Goodrich* v. *Tracy*, 43 Vt. 220.

The statute evidently applies to transactions in the husband's absence, unless they are peculiarly within the line of the wife's duty. Cases, *supra*.

" Pension money kept as a fund, or invested for keeping and use as current circumstances may require, would not be subject to attachment by trustee process or otherwise in suits against the pensioner." *Hayward* v. *Clark*, 50 Vt. 617.

This view is supported by both the majority of the court and the dissenting opinion in *Stockwell* v. *National Bank of . Malone*, 37 Hun, 583 ; *Burgett* v. *Fancher*, 35 Hun, 647.

The pension check was " sold " to the bank, and hence it was not chargeable under the statute of this State. R. L. s. 1076 ; *White* v. *Capron*, 52 Vt. 634.

*Friend* v. *Garcelon*, 77 Me. 25, appears to be a leading case and will be relied on ; but the court there held that the pension check would be exempt until the money actually came into the hands of the pensioner ; that he could purchase exempt property which could not be reached by attachment.

*W. W. Stickney*, for the plaintiff.

1. The plaintiff's testimony and his wife's not only tended to show, but clearly established, the relation of principal and agent, and brings the case directly within the statute which removes the disqualification of the wife. R. L. s. 1005.

The fact that the husband was in his shop, near by his dwelling-house, when the arrangement was entered into by the wife as agent, does not militate against the authority of the wife to act and to tell what she did in respect thereto in court. *Lunay* v. *Vantyne*, 40 Vt. 501.

2. The trustee is chargeable.     •

The case turns upon the construction of section 4747 of U. S. Rev. Stat. The case of *Haywood* v. *Clark*, 50 Vt. 612, does not settle the construction of this statute in this State, for the question was not before the court. The *obiter dictum* therein is not sound law, and has not been followed in the later cases.

The statute does not apply to moneys which have been paid to a pensioner and loaned by him. *Spellman* v. *Aldrich*, 126 Mass. 113 ; *Cranz* v. *White*, 27 Kans. 319 ; *Triplett* v.

*Graham,* 58 Iowa, 135 ; *Jordain* v. *Fairton Sav. Fund Ass'n,* 44 N. J. 376 ; *Friend* v. *Garcelon,* 77 Me. 25 ; *Cavanaugh* v. *Smith,* 84 Ind. 380 ; *Faurete* v. *Carr* (Ind.), 9 N. E. Rep. 350 ; *Rozelle* v. *Rhodes* (Penn.), 9 Atl. Rep. 160.

A law of Congress which should exempt the pension money after it reaches the hands of the pensioner would be unconstitutional.

It was held in *Spindle* v. *Shreve,* 111 U. S. 542, that what property is exempt from execution is determined by the local laws where the property had its *situs.* *Frink* v. *O'Neil,* 106 U. S. 272.

The opinion of the court was delivered by

Ross, J.    I. We think that the testimony of the plaintiff's wife was properly admitted.    Two persons are necessary parties to a contract.    The plaintiff and defendant had no personal interview in making the contract.    The interview was conducted wholly through the plaintiff's wife, as an agent.    As the agent of the defendant she took a proposition for a contract, to her husband.    When she had delivered the proposition, she had accomplished the work committed to her agency by the defendant.    The plaintiff could send his acceptance, or rejection, by the wife or some other person, or deliver it himself. He chose to employ the wife for that purpose.    If he had employed some other person, no question would be made in regard to whose agent the other person was, in the transaction. The relation of the wife, in carrying back the acceptance of her husband, to the transaction, is as manifest, as though that were all she had had to do in consummating the contract.    If she had been with her husband, and the defendant had sent some other person with the proposition, and the husband had sent his acceptance by the wife, no one would question that she was the husband's agent in accepting the offer.    The confusion, if any, arises from the fact that she was the agent of both parties in making the contract, and from a failure to distinguish the point at which her agency for the defendant

Martin *v.* Hurlburt.

ceased, and that for the plaintiff began. But inasmuch as both the defendant and plaintiff must have participated in the transaction, the one in making the proposition, and the other in accepting it, and as the wife was the sole instrument, by which the proposition, and its acceptance were conveyed, it follows, that she must have been the agent of both in conveying the messages which concluded the contract, of the defendant to convey the proposition to her husband, and of the husband to convey his acceptance to the defendant. This is the only question now made between the plaintiff and defendant in regard to the latter's indebtedness. The judgment against the defendant for the amount found due by the jury is affirmed.

II. There are two bills of exceptions in regard to the trustees, one holding both trustees chargeable, and the other holding the Rutland Savings Bank chargeable. They are not inconsistent, but the latter seems unnecessary. As there are no facts tending to show that Trustee Watson had any funds belonging to the defendant, we are led to conclude the judgment against him was an inadvertence. The same is reversed, and judgment rendered that he is discharged with $3.00 costs as agreed. It is contended that the funds in the hands of the Rutland Savings Bank belonging to the defendant, are exempt from attachment by the trustee process. First, that they are exempt, being a debt accruing from a pension granted the defendant by the United States, by force of Sec. 4747 U. S. Rev. Stat., which reads: "No sum of money due, or to become due, to any pensioner, shall be liable to attachment, levy or seizure by or under any legal or equitable process whatever, whether the same remains with the pension office, or any officer or agent thereof, or is in the course of transmission to the pensioner entitled thereto, but shall inure wholly to the benefit of such pensioner." This section does not purport to protect the money after it has inured wholly to the benefit of the pensioner, but to protect it while in the pension office, or in the hands of its agents or officers; and while in

the course of transmission to the pensioner. The pension warrant had inured wholly to the benefit of the pensioner, in the case at bar. From it he had received, from the trustee, money, and a deposit credit. Hence when this trustee was summoned, the object of this section of the U. S. Rev. Stat. had been fully accomplished. Such is the purport of the decisions of courts of last resort which have had occasion to construe this section of the statute, as fully shown by the authorities cited by the plaintiff's counsel, except the case of *Hayward* v. *Clark*, 50 Vt. 612. In that case, the judge, who delivered the opinion of the court, went further than was necessary for the decision, and made statements in the closing paragraph of the opinion which support the views of the defendant's counsel. But what was there said was wholly unnecessary to the decision then made, and while, from the eminent source from which the views expressed came, worthy of careful consideration, yet it has not the force of a well considered decision involving the construction of this section of the statute. We are not prepared to adopt those views against the clearly expressed language of the statute, and the many well considered decisions to the contrary. The trustee must be held notwithstanding this section of the United States Revised Statute.

Secondly, it is contended that the trustee cannot be holden by reason of Sec. 1076 R. L. That section is : " No person, except as herein otherwise provided; shall be liable or chargeable on trustee process, on account of a sum due or owing to the principal debtor for property sold and conveyed or delivered by him, which was at the time of sale exempt from attachment and execution. But so far as the principal debtor, at the time the trustee process was commenced was the owner of other property of the same kind as that sold by him to the person summoned as trustee, exempt from attachment and execution, so far as such other property was free from incumbrance for the purchase money thereof, the provisions of this section shall not apply." This section was first enacted in 1865. Prior thereto for many years specific articles of property had been

24

Martin v. Hurlburt.

exempt from attachment and sale on mesne process, or an execution. Yet it had been repeatedly held that a debt created by the sale of such exempt articles was subject to attachment by the trustee process. *Edson* v. *Trask*, 22 Vt. 18; *Scott* v. *Brigham*, 27 Vt. 561; *Keyes* v. *Rines*, 37 Vt. 263. The last named decision was rendered in 1864. It is presumable that this section was enacted to avoid the effects of those decisions. Its language indicates it has reference to debts contracted from the sale of that class of property. The last sentence of the section which guards against the principal debtor acquiring the double advantage of holding a debt created in the manner indicated, and property purchased to take the place of the article sold from which the indebtedness of the trustee arose exempt, clearly indicates that this section only has reference to this class of exemptions. A pension bounty cannot well be brought within the provisions of the last sentence of the section. We do not think that this section was intended to, or does apply to a debt created by the deposit of a pension check, or money received therefrom. It would have been very easy for the legislature to exempt such debts from attachment by trustee process, if it so intended. But so far as appears, it has been content with the protection given to pensions by the U. S. Statute. In several instances—*Adams* v. *Newell*, 8 Vt. 190; 19 Vt. 544—an attempt had been made to attach the pension money while in the course of transmission to the pensioner. But there has been no specific legislation of the State in that behalf. If debts created from the loan of money received as pension, need protection from the trustee process, it is the province of the legislature to afford it. The indebtedness to the plaintiff in this case, having arisen, in part, in aiding the pensioner to procure the pension, and the remainder in supporting him and his family, no hardship is incurred if this fund given by the general government mainly for the support of pensioner and his family, is used for its payment. The judgment of the County Court is affirmed against the trustee, the Rutland Savings Bank.