EDWARD J. GAFFNEY *v.* COMMISSIONERS OF JAIL DELIVERY.

February Term, 1940.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed May 7, 1940.

*Gibson & Gibson* and *George L. Daley* for the petitioner.

BUTTLES, J. ■ This is a petition for a writ of mandamus to be directed to the petitionees commanding them to admit the petitioner to the poor debtor's oath and to deliver to him two certificates as provided by law. Although duly summoned and ordered to answer, the defendants have not appeared or answered, and by their failure so to do they have directly admitted all traversable allegations of the petition. *Barber* v. *Chase,* 101 Vt. 343, 349, 143 Atl. 302; *Clement* v. *Graham,* 78 Vt. 290, 308, 63 Atl. 146, Ann. Cas. 1913E 1208.

The following facts appear from the petition. On July 23, 1938, the petitioner was committed to Rutland County jail by virtue of a certified execution issued upon a judgment rendered in a tort action by Rutland County Court. Thereafter it was ordered by said court, upon hearing duly held, that said close jail certificate be vacated as of October 27, 1938. On November 30th following the commissioners of jail delivery for Rutland County denied the petitioner's application to be allowed to take the poor debtor's oath. A memorandum given by said commissioners to the attorneys in the case indicated a finding that the petitioner received from the government a pension of eighty dollars per month, constituting an estate to the amount of twenty

dollars, which the commissioners held was liable to attachment and levy after it had reached the petitioner's hands. The concluding paragraph of the memorandum reads thus: "It is our opinion that we must find that the prisoner has an estate to the amount of and in excess of $20 and for this reason the prisoner should not be admitted to the poor debtor's oath."

The holding of the commissioners to the effect that the petitioner's pension money was exempt from execution only until it reached his hands is based on *Martin* v. *Hurlburt*, 60 Vt. 364, 14 Atl. 649, and 38 U. S. C. A. § 454. Petitioner does not deny that the commissioners made a correct application of the law as it existed when *Martin* v. *Hurlburt, supra,* was decided. He contends, however, that it is otherwise since the enactment in 1935 of 38 U. S. C. A. § 454a which repealed the previously existing law and provides, so far as here material, that "payments made to or on account of a beneficiary under any of the laws relating to veterans * * * shall be exempt from the claims of creditors, and shall not be liable to attachment, levy or seizure by or under any legal or equitable process whatever, either before or after receipt by the beneficiary."

But if the petitionees were in error regarding the present law governing this case that fact is not decisive as to the petitioner's right to the relief which he seeks. The statute provides, in effect, that when a person confined in jail and entitled to do so makes application to one of the commissioners of jail delivery to be allowed to take the poor debtor's oath the commissioner shall issue a citation notifying the creditor to appear at a time and place specified and show cause why the prisoner should not be discharged on taking such oath. Provision is made for service of the citation upon the creditor or creditors. When the creditor does not appear the commissioners shall examine the prisoner under oath relative to his circumstances, situation and property (P. L. sec. 2213), but when the creditor or his representative appears sec. 2214 requires the commissioners to examine the prisoner under oath and hear such evidence as the creditor produces relative to the circumstances, situation and property of the prisoner. Sec. 2215 makes provision for costs. The authority of the commissioners to act is derived from sec. 2216 which reads thus: "When the commissioners find that the

200

prisoner has not estate to the amount of twenty dollars, nor sufficient to satisfy the execution on which he is committed, exclusive of property exempt from execution, and has not disposed of any part of his estate to defraud his creditors, nor disposed of the same after his commitment to defraud the committing creditor, or to prefer other creditors to him, they shall admit such prisoner to the poor· debtor's oath and deliver to him two certificates thereof.''

The petitioner states in his sworn petition that he had not disposed of any part of his estate to defraud his creditors, nor disposed of any property after his commitment, to defraud the committing creditor or to prefer other creditors to him, but there is nothing before us to indicate that those facts were found by the commissioners from examination of the prisoner or other evidence relative to his circumstances, situation and property as the statute requires.

██ This Court has held that a statement by a trial court that the facts are as they appear from the transcript of the evidence is not a sufficient compliance with P. L. 2069 requiring findings of fact to be reduced to writing, signed by a majority of the members of the court and filed. *Hooper, Trustee* v. *Kennedy,* 100 Vt. 376, 378, 138 Atl. 778. See, also, *Francis* v. *London G. & A. Co.,* 100 Vt. 425, 428, 138 Atl. 780. Certainly the mere tacit admission of the truth of facts stated in the sworn petition of the prisoner, in a subsequent proceeding, is not such finding of facts as the statute requires to be made by the commissioners as a basis for their action under P. L. 2216.

██ Mandamus lies in a proper case to enforce the performance of ministerial acts by a public official. *Crystal Brook . Farm, Inc.* v. *Control Commissioners,* 106 Vt. 8, 10, 168 Atl. 912; *Burlington* v. *Mayor of Burlington,* 98 Vt. 388, 404, 127 Atl. 892; *Clement* v. *Graham,* 78 Vt. 290, 319, 63 Atl. 146, Ann. Cas. 1913E 1208; *Bankers Life Insurance Co.* v. *Howland,* 73 Vt. 1, 17, 48 Atl. 435, 57 L. R. A. 374. But it is well recognized that the performance of an official duty or act involving the exercise of judgment or discretion cannot ordinarily be controlled by the courts with respect to the particular action which should be taken in the matter. *Sanborn* v. *Weir,* 95 Vt. 1, 5, 112 Atl. 228; *Walsh* v. *Farrington,* 105 Vt. 269, 275, 165 Atl. 914; *State* v. *Plumley,*

83 Vt. 491, 493, 76 Atl. 146; *State* v. *Harrington,* 68 Vt. 622, 636, 35 Atl. 515, 34 L. R. A. 100; *Richards* v. *Wheeler,* 2 Aikens 369, 370. That the commissioners of jail delivery have a judicial function to perform appears clearly from the statute. *In re Blake,* 107 Vt. 18, 27, 175 Atl. 252. It is also clear that the duty to find the facts specified in the statute before granting the petitioner's application is of that nature and involves the exercise of discretion and judgment. For that reason, and since nothing here appears which would take the case out of the general rule, mandamus will not issue to control the result of their action.

*Petition dismissed.*