## Rutland Cable T. V., Inc. v. City of Rutland

[159 A.2d 83]

January Term, 1960

Present: **Hulburd, C. J., Holden, Shangraw, Barney and Smith, JJ.**

Opinion Filed March 2, 1960

*Bloomer & Bloomer* for the petitioner.

*Richard F. Sullivan* for the petitionee.

**Shangraw, J.** This is a petition brought to this court for a writ of mandamus. The city of Rutland filed a motion to dismiss alleging that the petition was not directed to the proper officers of the city. The motion to dismiss was overruled pro forma. An interlocutory order was made by this Court directing that the complaint be served on each member of the City Council of the city of Rutland, which has been done. As the case now stands the petitioner seeks to compel the city of Rutland, and the City Council of the city, as petitionees, to advertise in a newspaper its application for a permit to construct and maintain cable television wires in the city, and to comply with Chapter XII of its ordinances, as amended by the Board of Aldermen on June 7, 1943. Answers were filed by the petitionees in substance denying that a permit is necessary under the facts set forth in the application, and ordinances therein referred to, and that therefore advertising of the application is unnecessary.

The pleadings leave no room for dispute as to the facts. The petitioner, a Vermont corporation with its office and place of business at West Rutland, Vermont, is engaged in the service of transmitting television signals by wire to its customers. The signals of various television stations are received by the

petitioner at a central receiving station and conducted by wire cable from the receiving station to the customer's television set. On September 10, 1959 the petitioner addressed a letter "To the City Council of the City of Rutland Vermont" which was delivered September 11, 1959 to Henry P. Battles, clerk of the City Council, applying for a * * * "permit from said City Council to construct and maintain cable television wires, so-called, in, over and along public streets, public ways and public places, and in part attached to presently existing poles of the Central Vermont Public Service Corporation and New England Telephone and Telegraph Company in said City of Rutland, and from the presently existing poles, or the span between them, to private property of residents with whom arrangements are made by the applicant for cable television. The approximate clearance from the ground to the proposed cables is eighteen feet at highway crossings and twelve feet elsewhere." The letter recites that the application is made under Chapter XII of the Ordinances of the City of Rutland, as amended.

The petitioner sets forth in its petition sections (1) and (2) of Chapter XII of the Ordinances of the City of Rutland, as amended. Section 1, in so far as here material, reads as follows:

> "Section 1. No telegraph, telephone, electric or other wire-using company, or any person, firm or corporation shall erect any pole to support wires, cables or lines or construct and maintain underground conduits or buried cables for the transmission of electricity or intelligence by electricity in, over or under any street or public way or public place in the City of Rutland, except by written permit of the City Council, which shall set forth where and in what manner said poles, conduits or cables shall be erected or placed."

Section 2 provides that every application for such permit presented to the City Council " * * * shall be advertised at least once within seven days after such application to the City Council in a newspaper published in the City of Rutland, and such application shall be granted at the next regular meeting of the City Council unless objection is made at such meeting

of the City Council by some person, firm or corporation to the granting of such application."

The petitionees admit that the application has not been advertised. No question is raised in the answers of the petitionees as to the propriety of a writ of mandamus compelling advertisment of the application, provided it is governed by the provisions of chapter XII of the ordinances of the city of Rutland. The petitionees by answers assert that the ordinance under consideration pertains to applications for permits to erect poles, underground conduits or buried cables, and not to applications for permits to attach cables or wires to poles of others, and, therefore, that this application need not be advertised as claimed by the petitioner, in that no request is made for permission to erect new poles.

The city of Rutland was incorporated by virtue of No. 110 of the Acts of 1892, and its charter subsequently amended. Chapter XXVI, section 46, of the charter grants the City Council the power "to prescribe rules for the placing of poles, wires and electrical conduits in, over and under the streets of the city and to regulate the use of the same." The ordinance in question is a "spelling out" of the charter provisions, giving the applicant the necessary information on what procedure to follow in obtaining permission of the City Council.

In referring to the application it is to be noted that the petition requests permission " * * * to construct and maintain cable television wires, so-called, in, over and along public streets, public ways and public places, *and in part* attached to presently existing poles * * *." Having reference to the charter provisions, and the ordinance in question, it would seem that the ordinance was intended to cover wires in, over and under the streets; however, in any event, since the application implies a further erection of poles it comes within the language of the ordinance.

 Mandamus takes an official by the coat lapel and orders him to do what, up to that moment, he has felt he had no right to do and was under no compulsion to do. *Zaccagnini* v. *Borough of Vandergrift*, 395 Pa. 285, 150 A.2d 538. In a proper case it lies to enforce the performance of a ministerial

act by a public official. *Glover* v. *Anderson,* 120 Vt. 153, 155, 134 A.2d 612, citing *Gaffney* v. *Commissioners of Jail Delivery,* 111 Vt. 196, 200, 13 A.2d 192. If the duty is one that necessarily involves an inquiry of fact and the exercise of judgment on the case presented, it is not considered ministerial but discretionary, and the disposition of it made by the official will be binding upon the courts. *Proctor* v. *Hufnail,* 111 Vt. 365, 369, 16 A.2d 518. Where the statute makes it the duty of an officer to perform a duty that is purely ministerial, the writ of mandamus will issue to compel its performance. *Carpenter's Admr.* v. *Brown,* 118 Vt. 148, 152, 102 A.2d 331. *Crystal Brook Farm, Inc.* v. *Control Commissioners,* 106 Vt. 8, 168 A. 912. The decision of a public officer resting solely on the construction of a statute does not involve such an exercise of judgment as will bar mandamus. *Glover* v. *Anderson, supra,* at page 156, and cases cited.

In this case the provisions of section 2, Chapter XII of the ordinance in question requiring that the application be advertised leaves no room for discretion on the part of the petitionees. This duty is purely ministerial, and here mandatory. A writ of mandamus compelling performance should issue.

*Judgment that the prayer of the petition requesting the petitionees to advertise the petitioner's application for a permit, as required by section 2, Chapter XII of the Ordinances of the city of Rutland, is granted with costs to the petitioner. Let a mandate issue compelling the petitionees, the city of Rutland, and the City Council of the city of Rutland, to comply with section 2, Chapter XII of the Ordinances of the city of Rutland forthwith by advertising the petitioner's application for a permit, and act thereon, all in accordance with Chapter XII of said ordinance.*