## Eastern Advertising, Inc. v. Harry H. Cooley, Secretary of State

[227 A.2d 294]

December Term, 1966

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed February 7, 1967

*Paterson, Gibson & Noble* for petitioner.

*Louis P. Peck,* Deputy Attorney General, for Secretary of State.

**Shangraw, J.** This is a petition for a writ of mandamus to compel the petitionee as Secretary of State to issue a permit to petitioner for the erection of an outdoor advertising sign on a certain site in the Town of Milton, Vermont, pursuant to the provisions of Chapter 93 of Title 9, V.S.A. entitled Outdoor Advertising.

Section 3628 of Chapter 93 provides for the issuance of such permits by the secretary of state, "If the size and location of each

advertisement, billboard or other structure is not contrary to the provisions of this chapter * * * *." The petitioner claims that its right to erect the outdoor advertising sign in question in the designated location in Milton, Vermont, is controlled by 9 V.S.A. §3682 of Chapter 93. This section reads in part as follows:

"(a) except as provided in subsection (b) of this section and section 3683c of this title, outdoor advertising signs, displays, or devices shall not be erected or maintained within a distance of seven hundred and fifty feet from the nearest edge of the right-of-way and visible from the main traveled way of any highway which is part of the national system of interstate and defense highways and primary highways or of any other public highway which has been established by the state as a limited access facility.

(b) Subject to any necessary approval, or agreement with the secretary of commerce of the United States, the provisions of subdivision (a) of this section shall not apply to signs, displays, or devices in zoned or unzoned commercial or industrial areas."

Section 3683c, mentioned in the above statute, applies to signs permitted in protected areas, and has no application to the present case.

The application under consideration was returned to the petitioner with a letter of explanation from the secretary of state reading as follows:

"Lacking a definite definition of what constitutes an 'unzoned or zoned industrial or commercial area,' we herewith return your check in the amount of $30.00 and two applications tendered in your letter of August 12, 1966 and deny permits for same."

Mandamus lies in a proper case to enforce the performance of a ministerial act by a public official. *Glover* v. *Anderson,* 120 Vt. 153, 155, 134 A.2d 612. If the duty is one that necessarily involves an inquiry of fact and the exercise of judgment on the case presented, it is not considered ministerial but discretionary, and the disposition of it made by the official will be binding upon the courts. *Proctor* v. *Hufnail,* 111 Vt. 365, 369, 16 A.2d 518. A decision of a public officer resting solely on the construction of a statute does not involve such an exercise of judgment as will bar mandamus. *Rutland Cable T.V.,*

*Inc.* v. *City of Rutland*, 121 Vt. 399, 403, 159 A.2d 83. See *Glover* v. *Anderson, supra,* at page 156, and cases cited.

■■ It is apparent that petitionee's refusal to act on the application was predicated on subsection (b) of §3682, *supra.* He refused to act until such time as the Secretary of Commerce and a representative of the State of Vermont have defined "zoned or unzoned commercial or industrial areas." The language contained in §3682 (b) has a well understood and common meaning. Words in a statute without definition are to be given their plain and commonly accepted use. *In Re Willey,* 120 Vt. 359, 361, 140 A.2d 11. *Maurice Callahan & Sons* v. *Armstrong,* 125 Vt. 213, 216, 214 A.2d 70. Here, there is no uncertainty or ambiguity in the above quoted language of the statute. The delay on the part of the proper federal and state officials in defining "zoned or unzoned commercial or industrial areas" furnishes no legal justification for the defendant's refusal to act on the present application.

Whether or not the petitioner was entitled to the requested permit called for a legal construction of the statute by the secretary of state as applied to the then existing facts.

There is nothing in the statute which excuses or prevents the petitionee from performing such statutory duty. The petitioner's right for definite action on its application cannot be suspended and held in abeyance until such time as an approval or agreement has been entered into between the Secretary of Commerce and the State of Vermont, defining such areas.

Upon resubmission of the application in question by the petitioner, the petitionee shall take appropriate action and resolve the issue required by statute.

*Judgment that the prayer for mandamus is granted. Let a mandate issue directing the petitionee to receive and reexamine petitioner's application, to determine whether its request for a permit to erect the outdoor advertising sign, under the provisions of Chapter 93 of Title 9, V.S.A. shall be granted or denied.*

*It is adjudged that neither the petitioner nor the petitionee recover costs.*