## Henry Bargman, et al. v. Victor Brewer, et al.

[454 A.2d 1253]

No. 500-81

Present: Billings, Hill, Underwood and Peck, JJ., and Larrow, J. (Ret.), Specially Assigned

Opinion Filed January 3, 1983

*Edward L. Winpenny* of *Debonis & Wright, P.C.*, Poultney, for Plaintiffs-Appellants.

*S. Stacy Chapman, III,* of *Webber and Costello,* and *Smith, Harlow & Liccardi,* Rutland, for Defendants-Appellees.

**Hill, J.** The plaintiffs, forty-nine nonresident property owners from the town of Hubbardton, Vermont, brought an action seeking an order in the nature of mandamus to compel defendants, listers and selectmen from the town of Hubbardton, Vermont, to perform certain statutory duties pertaining to that town's 1981 grand list. One of the allegations set forth in plaintiffs' complaint was that defendants had failed to lodge with the town clerk, for the taxpayers' inspection, a book or books required by law to be furnished for the abstract of individual lists and the grand list. See 32 V.S.A. § 4111(d). Plaintiffs also alleged that defendants had failed to include within the grand list "a brief description and listed valuation of each separate parcel of taxable real estate and separate columns which would show the approximate acreages of woodland, cropland and pastureland." See 32 V.S.A. § 4152.

In response, defendants moved to dismiss plaintiffs' cause of action on the grounds that it failed to set forth a claim upon which relief could be granted, V.R.C.P. 12(b)(6), and that plaintiffs had an adequate statutory remedy under 32 V.S.A. § 4404 et seq. The trial court agreed and granted defendants' motion to dismiss. Thereafter, plaintiffs filed a timely notice of appeal. We reverse.

Plaintiffs have briefed two exceptions for our consideration: first, whether the allegations as set forth in their complaint, if true, justify the use of mandamus; and second, whether plaintiffs are afforded an adequate remedy under 32 V.S.A. § 4404 et seq. (our standard tax appeal procedure), so as to make an action in the nature of mandamus inappropriate.

This Court has stated, on a number of occasions, that mandamus will not lie to review the performance of official acts involving the exercise of judgment or discretion. *Okemo Trailside Condominiums, Inc.* v. *Blais*, 135 Vt. 500, 502, 380 A.2d 84, 86 (1977) (citing *Eastern Advertising, Inc.* v. *Cooley*, 126 Vt. 221, 222, 227 A.2d 294, 295 (1967)); see also *Couture* v. *Selectmen of Berkshire*, 121 Vt. 359, 361, 159 A.2d 78, 80 (1960). Rather, mandamus will lie for the enforcement of a purely ministerial act, that is, an act "regarding which nothing is left to discretion—a simple and definite duty, imposed by law, and arising under conditions admitted

or proved to exist." Black's Law Dictionary 899 (5th ed. 1979). "[T]he writ will not issue unless the right sought to be enforced is certain and clear." *Royalton Taxpayers' Protective Association, Inc.* v. *Wassmansdorf,* 128 Vt. 153, 159, 260 A.2d 203, 207 (1969) (citing *Couture* v. *Selectmen of Berkshire, supra,* 121 Vt. at 361, 159 A.2d at 80).

Moreover, "[w]here there appears, in some form, an arbitrary abuse of the power vested by law in an administrative officer or board which amounts to a virtual refusal to act or to perform a duty imposed by law, mandamus may be resorted to in the absence of other adequate legal remedy." *Couture* v. *Selectmen of Berkshire, supra,* 121 Vt. at 361, 159 A.2d at 80 (citing *Sanborn* v. *Weir,* 95 Vt. 1, 6, 112 A. 228, 230 (1921)); see also *Corcoran* v. *Village of Bennington,* 128 Vt. 482, 490, 266 A.2d 457, 463 (1970). Thus, the requisite standard for relief is that the petitioner must have "a clear legal right to the performance of the particular duty at the hands of the petitionee and that the law affords no other adequate remedy." *Town of Glover* v. *Anderson,* 120 Vt. 153, 155, 134 A.2d 612, 614 (1957) (citing *In re Savage,* 112 Vt. 89, 92, 22 A.2d 153, 155 (1941)).

When reviewing a dismissal of a complaint for failing to state a claim upon which relief can be granted, this Court must assume the factual allegations in plaintiffs' pleadings to be true. *Jones* v. *Keogh,* 137 Vt. 562, 563, 409 A.2d 581, 582 (1979) (citing *Reynolds* v. *Sullivan,* 136 Vt. 1, 2–3, 383 A.2d 609, 611 (1978)). Accordingly, our threshold inquiry is whether the statutory duties imposed upon the listers by 32 V.S.A. § 4111(d) (to lodge the aforementioned books in the town clerk's office) and § 4152 (to include within the grand list the substantial information outlined within this section) are ministerial in nature. We need not elaborate over the precise nature of defendants' obligation under § 4111(d), since the statute clearly requires the listers to lodge said books in the town clerk's office, a duty which plaintiffs allege has been ignored.

In addition, plaintiffs allege that defendants have failed to comply with 32 V.S.A. § 4152 by not providing "a brief description and listed valuation of each separate parcel of tax-

able real estate and separate columns which would show the approximate acreages of woodland, cropland and pastureland." For their part, defendants cite us to *Willard* v. *Pike,* 59 Vt. 202, 9 A. 907 (1886), and insist that the provisions of 32 V.S.A. § 4152 are designed and intended to promote uniform procedures and information to the listers. Thus, they assert that the provisions are simply directory in nature and do not affect the substantive rights of plaintiffs herein. We disagree.

In *Willard* v. *Pike, supra,* this Court had the occasion to construe section 348, R.L., the predecessor statute to the present day 32 V.S.A. § 4152. There, the issue presented was whether section 348, R.L., "so far as it pertain[ed] to the form of the list in its subdivisions, its additions and deductions, [were] directory or mandatory." *Id.* at 210, 9 A. at 912. In resolving the issue, we held that those provisions, "so far as they pertain[ed] to form only," were directory in nature. *Id.* at 211, 9 A. at 912. Of crucial importance to our decision, however, was the fact that the books in question contained that substantive information mandated by section 348, R.L. Hence, "[t]here was no omission in formal compliance that could possibly operate to the prejudice of any taxpayer." *Id.*

■ Were we dealing with a situation in which plaintiffs alleged defects as to the *form* of the grand lists, then *Willard* would be controlling. Instead, plaintiffs allege a failure on the part of the listers to provide that substantive information mandated by 32 V.S.A. § 4152, an omission which, if true, might very well operate to their substantial prejudice. Thus, we find the statutory duties outlined in 32 V.S.A. § 4111(d) and § 4152 to be ministerial in nature.

■■ Assuming for purposes of a motion to dismiss that these ministerial duties have not been complied with, our next inquiry is whether plaintiffs are afforded an adequate remedy under 32 V.S.A. § 4404 et seq. In evaluating the adequacy of alternative remedies, we have noted that "[i]n order to supersede mandamus, the other remedy must be competent to afford relief on the very subject matter in question, and must be equally convenient, beneficial and effective." *Town of Glover* v. *Anderson, supra,* 120 Vt. at 160, 134 A.2d at 616. Simply put, mandamus "will not be refused because of the existence of another remedy unless that remedy is clear and adequate."

*Town of Bennington* v. *Booth,* 101 Vt. 24, 27, 140 A. 157, 158 (1928).

Defendants assert that the use of mandamus in this situation would be inappropriate, since plaintiffs have at their disposal an adequate statutory appeal procedure under 32 V.S.A. § 4404 et seq. Essentially, that procedure allows an individual aggrieved by his or her tax appraisal to appeal first to the listers themselves, 32 V.S.A. § 4221 et seq., and then to the board of civil authority, 32 V.S.A. § 4404 et seq. Should a grievant remain dissatisfied with the decision of the board, a further appeal for a de novo hearing is permitted to the superior court or to the director of property valuation, see 32 V.S.A. § 4461 et seq., with a final appeal available to this Court.

A comprehensive reading of the appeal procedure reveals that its main function is to address disparities between the listed value of a grievant's property and that of comparable property. Without access to the books or grand lists which contain the substantive data required by 32 V.S.A. § 4152, plaintiffs are effectively denied the essential information needed to prepare an adequate appeal. In other words, without the information, the remedy becomes illusory.

Defendants urge that the statutory remedy under 32 V.S.A. § 4404 et seq. also contemplates grievances of actions other than those of adverse appraisals. They cite for support 32 V.S.A. § 4221, which expressly states that the listers are required to "hear persons aggrieved by their appraisals or *by any of their acts.*" (Emphasis supplied.) If plaintiffs, who seek enforcement of the above ministerial duties, were limited to this remedy, however, they would be placed in the position of first having to appeal the denial of the information they are clearly entitled to, and only after said information is released could they begin to prepare a proper appeal. Moreover, not only is there the potential of having to use the appeal procedure twice, but such actions would have to be done within the stringent time framework provided by 32 V.S.A. § 4404 et seq.

As previously stated, in addition to being "clear and adequate," an alternate remedy must be "equally convenient, beneficial and effective." *Town of Glover* v. *Anderson, supra,*

120 Vt. at 160, 134 A.2d at 616. In this case, plaintiffs have alleged an arbitrary refusal on the part of the defendant-listers to perform ministerial duties which are clearly mandated. By limiting plaintiffs to the statutory appeal procedure under 32 V.S.A. § 4404 et seq., this Court would be limiting them to a remedy which is at best speculative. In these situations, mandamus provides the most practical, efficient and prompt remedy available.

Accordingly, since plaintiffs have alleged facts which, if true, would permit an order in the nature of mandamus, they must be given an opportunity at least to introduce evidence in support of those allegations. Since the dismissal of their action denied them this opportunity, the order of the trial court must be reversed.

*The order of the trial court dismissing plaintiffs' action is reversed, and the cause is remanded for hearing consistent with this opinion.*