VT SUPERIOR COURT

STATE OF VERMONT

**SUPERIOR COURT**
Washington Unit

2017 JAN 20 ₁ P 4: 14

**CIVIL DIVISION**
Docket No. 335-6-16 Wncv

FILED

**KIRK WOOL**
    Plaintiff

v.

**LISA MENARD, Commissioner,**
**Vermont Department of Corrections, and**
**VERMONT DEPARTMENT OF CORRECTIONS,**
    Defendants

## DECISION
### Defendant's Motion to Dismiss

Plaintiff–Inmate Mr. Kirk Wool claims that the Vermont Department of Corrections contracted with a telecommunications company providing telecommunications services to inmates and others in violation of a statutory obligation to provide such services at the lowest cost. He alleges that a different telecommunications provider that he has identified would charge a lower rate. In the complaint, he seeks damages to compensate for the price of phone calls he has paid in relation to what he believes is the lower rate he should have been charged over a period of years.

The State seeks dismissal. It argues that Mr. Wool (1) lacks standing, (2) fails to state a cause of action, (3) is not an intended third party beneficiary of the contract with the telecommunications provider, and (4) is barred from bringing this claim by the State's sovereign immunity for lack of any private analog and because the discretionary function exception applies. In response to the State's dismissal arguments, Mr. Wool argues that he is entitled to damages in this case just as were the plaintiffs in *Nichols v. Hofmann*, 2010 VT 36, 188 Vt. 1. He also filed what he characterizes as a petition for a writ of mandamus, which appears to be an attempt at expanding the relief sought to include an injunction.

The dispute in this case arises out of the language of 28 V.S.A. § 802a(d): "Any contract to provide telephone services to inmates in state correctional facilities shall be negotiated and awarded in a manner that provides for the lowest reasonable cost to inmates, to their families, and to others communicating with inmates." Mr. Wool treats this language as creating a nondiscretionary duty to contract with the least expensive service provider for inmates' benefit. He alleges that the DOC went about finding and contracting with the current provider in ways that did not result in the least expensive rates and lower rates are available from at least one other provider.

Mr. Wool has not cited any authority for his damages claim. There is no statutory right to damages. Otherwise, Mr. Wool appears to assert a negligence claim that either is permitted by

the Tort Claims Act, 12 V.S.A. §§ 5601–5606, or is not. The Act waives the State's sovereign immunity for "injury to persons or property or loss of life caused by the negligent or wrongful act or omission of an employee of the State while acting within the scope of employment, under the same circumstances, in the same manner and to the same extent as a private person would be liable to the claimant." 12 V.S.A. § 5601(a). There is no obvious private analog that might permit Mr. Wool's claim under § 5601(a), but the parties did not focus on that. Instead, the State argues that, regardless whether there is a private analog, the exception to the waiver for discretionary functions applies. 12 V.S.A. § 5601(e)(1).

The purpose of the discretionary function exception "is to assure that the courts do not invade the province of coordinate branches of government by passing judgment on legislative or administrative policy decisions through tort law." *Searles v. Agency of Transp.*, 171 Vt. 562, 563 (2000) (quoting *Sabia v. State*, 164 Vt. 293, 307 (1995)). First, the court determines whether the challenged act includes an element of judgment or choice, and, second, whether that discretion is the sort that the exception is intended to protect against liability claims. *Searles*, 171 Vt. at 563–64. "Because the purpose of the exception is to prevent judicial second guessing of legislative or administrative policy judgments, the exception protects only governmental actions and decisions based on considerations of public policy." *Id.* at 563 (quotation marks and citations omitted).

If there were some sufficient private analog, Mr. Wool's damages claim still would be barred by the State's sovereign immunity under the discretionary function exception. Section 802a(d) does not create some nondiscretionary duty to provide the cheapest available telephone service to inmates. Instead, it refers to the lowest cost that is "reasonable" and does not purport to control the manner by which the DOC negotiates with potential contractors.

It is readily apparent that any "contract to provide telephone services to inmates" necessarily will involve public policy considerations relating to inmate, facility, and public safety, the security of payment systems, what recordings should be made or records kept, etc. The statute delegates discretion over those issues to the DOC. See also 28 V.S.A. § 816 (expressly authorizing the DOC to exact commissions on telephone services for the benefit of an inmate recreation fund). This is the kind of discretion that is subject to the discretionary function exception. The State's sovereign immunity thus is preserved.

Mr. Wool's reliance on *Nichols* is unavailing. No damages claim was at issue in *Nichols*. Moreover, the statutory provision regarding telephones in *Nichols* involved no discretion on the part of the DOC. *Nichols* is simply not analogous to this case. To the extent that Mr. Wool reads *Nichols* to mean that any statute that might be perceived by an inmate to benefit that inmate permits that inmate to bring an action for damages against the State to compensate the inmate for a less beneficial application of that statute than the inmate would like, he reads the decision far too broadly and entirely out of context.

Mr. Wool's claim for relief in the nature of mandamus fares no better. "This Court has stated, on a number of occasions, that mandamus will not lie to review the performance of official acts involving the exercise of judgment or discretion. Rather, mandamus will lie for the enforcement of a purely ministerial act, that is, an act regarding which nothing is left to

2

discretion—a simple and definite duty, imposed by law, and arising under conditions admitted or proved to exist. [T]he writ will not issue unless the right sought to be enforced is certain and clear." *Bargman v. Brewer*, 142 Vt. 367, 369–70 (1983) (quotation marks and citations omitted). This case is not based on a "purely ministerial act." The statute requires the DOC to exercise discretion. Mr. Wool would prefer the DOC to have exercised that discretion differently. He has, however, no right to enforce his preferences under the guise of mandamus review.

Because the State is entitled to dismissal on these bases, it is unnecessary to address the State's other dismissal arguments.

## ORDER

For the foregoing reasons, the State's motion to dismiss is granted.

Dated at Montpelier, Vermont this 20th day of January 2017.

Mary Miles Teachout,
Superior Judge

3