VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org

Case No.     25-AP-008



*Note: In the case title, an asterisk (*) indicates an appellant and a double asterisk (**) indicates a cross-appellant.  Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

JULY TERM,   2025

| | |
|---|---|
| Thomas Ferrazza* v. North Branch Fire District #1 | } APPEALED FROM:<br>}<br>} Superior Court, Windham Unit,<br>} Civil Division<br>} CASE NO. 24-CV-02110<br>} Trial Judge: Rachel M. Malone |

In the above-entitled cause, the Clerk will enter:

Plaintiff Thomas Ferrazza appeals from the dismissal of his complaint against defendant North Branch Fire District #1.  We affirm.

Plaintiff filed suit against defendant in May 2024, raising numerous claims.  He asked the court to review certain alleged actions and failures to act by defendant and declare that defendant violated various state laws.  Based on the alleged violations, plaintiff asked the court to issue a writ of mandamus and appoint a receiver to supervise and bring defendant into compliance with state law.  Defendant moved to dismiss plaintiff's complaint, and the court granted its request.

As the court explained, plaintiff sought a declaratory judgment to the effect that defendant violated state law and he sought relief in the form of a writ of mandamus.  To be entitled to declaratory-judgment relief, plaintiff was required to establish standing as a threshold matter, that is, "a personal injury traceable to the defendant's conduct that the court can remedy by granting the sought-after relief."  Brod v. Agency of Nat. Res., 2007 VT 87, ¶ 7, 182 Vt. 234 (quotation omitted).  The "injury must be an invasion of a legally protected interest, not a generalized harm to the public."  Paige v. State, 2018 VT 136, ¶ 9, 209 Vt. 379 (quotation omitted).

Assuming the truth of the factual allegations in plaintiff's complaint and drawing reasonable inferences in his favor, the court held that plaintiff failed to show that he had been or would be injured in any way by defendant's alleged conduct.  The only harm plaintiff cited was potential harm to the community and possible misuse of public funds.  This alleged harm was vague, general, and speculative, and it did not suffice to establish standing.  The court therefore granted the motion to dismiss.  This appeal followed.

In reviewing a motion to dismiss, "we assume as true the nonmoving party's factual allegations and accept all reasonable inferences that may be drawn from those facts."  Wool v.

Off. of Pro. Regul., 2020 VT 44, ¶ 8, 212 Vt. 305. We review the dismissal for lack of standing de novo. Id.

Plaintiff first argues that the court did not correctly apply the motion-to-dismiss standard. He asserts that the court did not accept his alleged facts as true. He does not identify any specific alleged fact that the court failed to accept as true and "[w]e will not comb the record searching for error." In re S.B.L., 150 Vt. 294, 297 (1988) (recognizing that appellant bears burden of showing "how the lower court erred warranting reversal"); see also V.R.A.P. 28(a)(4) (explaining that appellant's argument on appeal must contain "the issues presented, how they were preserved, and appellant's contentions and the reasons for them—with citations to the authorities, statutes, and parts of the record on which the appellant relies"). Plaintiff also appears to suggest that the court was required to accept his proffered legal conclusions as true with respect to the statutory violations that he alleged. That is not the appropriate standard on a motion to dismiss, as reflected above. Plaintiff fails to show that the court applied an incorrect standard and we thus reject this claim of error. We note that, in any event, our review of the court's dismissal decision is de novo.

Plaintiff next argues that he alleged facts sufficient to confer standing on the face of his complaint. He does not identify any specific facts in his complaint where he alleged to have suffered a personal injury from defendant's allegedly unlawful actions, however, and we will not search the record for error on plaintiff's behalf. See In re S.B.L., 150 Vt. at 297. While it is not clear, plaintiff also appears to suggest that he need not show a personal injury to be entitled to mandamus relief. As support for this assertion, plaintiff cites to several mandamus cases where the question of standing was not raised or discussed. See In re Fairchild, 159 Vt. 125 (1992); Rutland Cable TV, Inc. v. City of Rutland, 121 Vt. 399 (1960).

Plaintiff's argument is without merit. Standing "is a jurisdictional prerequisite." Wool, 2020 VT 44, ¶ 10. It "is rooted in constitutional principles requiring actual controversies between adverse litigants." Id. "Vermont courts are vested with subject matter jurisdiction only over actual cases or controversies involving litigants with adverse interests," and "[t]o have a case or controversy subject to the jurisdiction of the court, the plaintiffs must have standing." Brod, 2007 VT 87, ¶ 8. "In the absence of standing, any judicial decision would be merely advisory, and Vermont courts are without constitutional authority to issue advisory opinions." Id.

We have explained that:

> To satisfy constitutional standing, a plaintiff must allege facts on the face of the complaint that show (1) injury in fact, (2) causation, and (3) redressability. Specifically, the plaintiff must have suffered a particular injury that is attributable to the defendant and that can be redressed by a court of law. The alleged injury must be an invasion of a legally protected interest, not a generalized harm to the public.

Wool, 2020 VT 44, ¶ 10 (quotation omitted). Unlike the mandamus cases cited by plaintiff, Wool, which involved a petition for mandamus and extraordinary relief, directly addressed the question of standing. The record here supports the court's determination that plaintiff raised only general grievances about potential harm, and he failed to show that he suffered a particular

injury from defendant's alleged actions. Plaintiff has not demonstrated that the court erred in dismissing his case for lack of standing.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Karen R. Carroll, Associate Justice

_____
Nancy J. Waples, Associate Justice

3